Filed 3/14/13  Antoinette M. v. Super. Ct. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| ANTOINETTE M., <br>                       Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES, <br>                       Respondent. <br><br> LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br>                       Real Party in Interest. | B246652 <br><br> (Super. Ct. No. CK12022) |

Writ petition to review order setting hearing under Welfare and Institutions Code section 366.26.  Philip L. Soto, Judge.  Petition granted.

Law Offices of Katherine Anderson, Jennifer Pichotta and Anuradha Khemka for Petitioner.

No appearance for Respondent.

John F. Krattli, County Counsel, Sara Vesecky, Deputy County Counsel for Real Party in Interest Los Angeles County Department of Children and Family Services.

Children's Center of Los Angeles (CLC 1), Ronnie Cheung and Dwana Willis for Real Party in Interest N.M.

_____

Petitioner Antoinette M. seeks extraordinary writ relief (Welf. & Inst. Code, § 366.26, subd. (*l*);[1] Cal. Rules of Court, rule 8.452) from the juvenile court's order, made at the dispositional hearing after the court denied reunification services, setting a hearing pursuant to section 366.26 to consider termination of parental rights and implementation of a permanent plan for her six-month-old daughter N.M. Antoinette M. contends the juvenile court erroneously found that she was not entitled to family reunification services under section 361.5, subdivision (b)(10) and (11), which disentitles a parent from receiving reunification services when she has previously failed to reunify with a sibling or half sibling of the child and "has not subsequently made a reasonable effort to treat the problems that led to removal of the sibling or half sibling . . . ."[2]

In this case, the evidence established that siblings and half siblings of N.M. were removed from Antoinette M. in earlier proceedings due to a substance abuse problem, and Antoinette M.'s reunification services were later terminated. The dependency petition as to N.M. alleges she was removed from Antoinette M. based on mental health issues, and does not allege Antoinette M. has continued to use drugs. Nor was any evidence presented at the dispositional hearing that Antoinette M. continues to suffer from a substance abuse problem.

In response to the instant petition, the Los Angeles County Department of Children and Family Services (Department) has submitted a letter conceding that the juvenile court's order denying reunification services to Antoinette M. and setting the matter for a hearing under section 366.26 must be set aside. Counsel for N.M. has also advised this court that N.M. does not oppose a grant of relief to Antoinette M.

The petition is granted. The matter is remanded to the juvenile court, which is directed to proceed as follows: The court shall vacate its order of December 5, 2012 denying reunification services and setting a hearing pursuant to section 366.26, and

---

[1]     Statutory references are to the Welfare and Institutions Code.

[2]     Antoinette M. does not challenge the juvenile court's dispositional order removing N.M. from her custody and ordering N.M. placed in foster care.

2

conduct a new dispositional hearing to determine the appropriate services to be provided to Antoinette M. by the Department.  Antoinette M. shall receive reunification services for a period no shorter than six months.

This decision shall become final as to this court on filing.  (Cal. Rules of Court, rule 8.490(b)(3).)


JACKSON, J.


We concur:



PERLUSS, P. J.




WOODS, J.